**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113396

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Stacy Berkowitz, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Capital Accounts, LLC, <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Stacy Berkowitz, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Capital Accounts, LLC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Stacy Berkowitz is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Capital Accounts, LLC, is a Tennessee Limited Liability Company with a principal place of business in Williamson County, Tennessee.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was incurred in connection with personal medical services provided to Plaintiff by Brian Margolis MD.

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 11, 2017. (**Exhibit 1.**)

16. The Letter was the initial communication Plaintiff received from Defendant.

17. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e
### FALSE AND MISLEADING REPRESENTATIONS

18. On information and belief, the original amount of the Debt was $50.00.

19. The Letter sets forth a "Balance" of $54.02.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

20. The reverse side of the Letter states, "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 800-983-4730."

21. While interest was accumulating on the Debt at the time the Letter was sent, "late charges" and "other charges" were not.

22. While interest was accumulating on the Debt at the time the Debt was with Defendant, "late charges" and "other charges" were not.

23. On information and belief, and at all times herein relevant, any increase in the amount of the Debt was caused solely by the accrual of interest.

24. The statement concerning "interest, late charges, and other charges," as transcribed in Paragraph 20, *supra*, would lead the least sophisticated consumer to believe that the Debt was accruing interest.

25. The statement concerning "interest, late charges, and other charges," as transcribed in Paragraph 20, *supra*, would lead the least sophisticated consumer to believe that the Debt was accruing late fees.

26. The statement concerning "interest, late charges, and other charges," as transcribed in Paragraph 20, *supra*, would lead the least sophisticated consumer to believe that the Debt was accruing "other fees."

27. The inclusion of the above-referenced statement, when the debt was not accruing late fees at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

28. The inclusion of the above-referenced statement, when the debt was not accruing late fees at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

29. The inclusion of the above-referenced statement, when the debt was not accruing "other charges" aside from interest at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

30. The inclusion of the above-referenced statement, when the debt was not accruing "other charges" aside from interest at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

31. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

32. For these reasons, Defendant violated 15 U.S.C. § 1692e.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692c(b) and 1692b(2)**
**UNLAWFUL THIRD-PARTY DISCLOSURES**

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

34. 15 U.S.C. § 1692c(b) provides that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

35. 15 U.S.C. § 1692b(2) provides that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . not state that such consumer owes any debt."

36. On or around November 22, 2017, Defendant placed a telephone call to Plaintiff's home landline.

37. Plaintiff's mother answered the phone.

38. The caller, an employee of Defendant, asked if Plaintiff was there.

39. When Plaintiff's mother replied "yes," the caller stated that the call was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose.

40. Plaintiff never provided Defendant with consent to communicate with any person other than herself in connection with the collection of the subject Debt.

41. Defendant did not otherwise have express permission from any court of competent jurisdiction to communicate with any person other than Plaintiff, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in connection with the collection of the subject Debt.

42. Defendant did not make the November 22, 2017 phone call in connection with any effort to effectuate a post judgment judicial remedy.

43. By disclosing to Plaintiff's mother that the call was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose, Defendant unlawfully communicated with a third party in connection with the collection of Plaintiff's subject Debt.

44. By disclosing to Plaintiff's mother that the call was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose, Defendant violated 15 U.S.C. § 1692c(b).

45. By disclosing to Plaintiff's mother that the call was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose, Defendant unlawfully conveyed to a third party that Plaintiff owes a debt.

46. By disclosing to Plaintiff's mother that the call was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose, Defendant violated 15 U.S.C. § 1692b(2).

## CLASS ALLEGATIONS

47. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a substantially similar form collection letter that states "because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater," but where the debt was not actually subject to interest, late charges, and other charges, from one year before the date of this Complaint to the present.

48. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

49. Defendant regularly engages in debt collection.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

50. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a substantially similar form collection letter that states, "because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater," but where the debt was not actually subject to interest, late charges, <u>and</u> other charges, from one year before the date of this Complaint to the present.

51. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

53. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

54. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and

Plaintiff's attorneys as Class Counsel; and

c.  Find that Defendant's actions violate the FDCPA; and

d.  Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.  Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Grant Plaintiff's costs; together with

g.  Such other relief that the Court determines is just and proper.

DATED: May 7, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113396